IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DANIEL S. GOOLSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:10-0040 |
| | ) | JUDGE TRAUGER |
| HIGH CALIBER SERVICES, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

## JOINT ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

**I.  Jurisdiction and Venue**

Plaintiff has alleged that this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and the Americans with Disability Act (ADA), 42 U.S.C. § 12101, et seq. Defendant disputes that this Court has jurisdiction.

**II.  Parties' Theories of the Case**

    **A.  Plaintiff's Theory of the Case**

On August 20, 2008, Goolsby who was an employee of High Caliber, requested to go on medical leave to have an operation on both arms for a serious medical condition.

During the time he was on medical leave, Goolsby's physician sent a letter to High Caliber informing it that Goolsby's medical condition would seriously restricted his ability to work in his previous employment capacity. Once High Caliber learned of this, it began to call and email Goolsby at his home requesting that he return to work. Goolsby was not due to return to work until February 20, 2009, the date his physician informed High Caliber he would be able to return to work.

Goolsby informed High Caliber that he could not return to work until he had finished therapy.

On January 14, 2009, High Caliber terminated Goolsby's employment claiming that he had not properly kept in contact with it.

High Caliber's reason for terminating Goolsby was pre-textural for discrimination in the work place based on disability. High Caliber knew Goolsby was disabled due to the surgery and would require reasonable accommodation in the work place but did not want to make any reasonable accommodations for him when he returned from medical leave.

High Caliber had been in contact with Goolsby on a regular basis since he went on medical leave and knew that he could not come back to work until he was released by his doctor.

High Caliber's actions violated Goolsby's rights under the ADA to receive reasonable accommodations at work even though he was disabled to the extent he could not return in the same capacity he had been prior to his surgery. High Caliber knew that Goolsby's disabilities were serious but could have accommodated him in its work place yet consciously chose not to, and then attempted to cover up its illegal activity by claiming Goolsby was terminated for his failure to make contact with it.

As direct and proximate result of the illegal actions of High Caliber heretofore described in this Complaint, Goolsby has suffered loss of income and benefits, great emotional distress, and humiliation and embarrassment.

### B. Defendant's Theory of the Case

Defendant, High Caliber Services, Inc., denies any and all allegations of wrongdoing and denies Plaintiff is entitled to any relief whatsoever. High Caliber denies that it terminated Plaintiff. High Caliber denies that it violated the ADA whatsoever with regard to Plaintiff. High

Caliber in no way retaliated against Plaintiff and never refused to provide him with a reasonable accommodation. As a result, Plaintiff's claims against High Caliber should be dismissed.

### III. Schedule of Pretrial Proceedings

#### A. Initial Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within fourteen (14) days from the date of the initial case management conference or by **October 21, 2010**.

#### B. Discovery

All oral discovery of fact witnesses shall be completed by the close of business on **March 11, 2011**.

All written discovery shall be submitted by **January 3, 2011** so that the response shall be in hand by **February 3, 2011.**

Discovery is not stayed during dispositive motions, unless ordered by the Court.

Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. In all other respects, Local Rule 33.01 shall govern.

The parties elect to opt out of the default standard for discovery of electronically stored information. To the extent there is electronically stored information in this matter, the parties will produce such in printed paper form, if the form and amount of content of such allows, or via compact disk.

No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

#### C. Motions to Amend

The parties shall file all Motions to Amend on or before **December 15, 2010**.

### D. Disclosure of Experts

By the close of business on **February 11, 2011**, the plaintiff shall declare to the defendant (<u>not</u> file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **March 12, 2011**, the defendant shall declare to the plaintiff (<u>not</u> file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

### E. Joint Mediation Report

The parties shall file a joint mediation report on or before **March 7, 2011**.

### F. Dispositive Motions

All dispositive motions shall be filed by the close of business on **May 1, 2011**, and any response thereto shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

### G. Estimated Trial Time

The parties expect the trial to last approximately 2 days.

It is so **ORDERED**.

**Entered** this \_\_7th\_\_ day of \_\_October\_\_\_\_, 2010.

_____
ALETA TRAUGER
United States District Judge

APPROVED FOR ENTRY:


s/ Phillip L. Davidson
Phillip L. Davidson, (TN BPR #6466)
2400 Crestmoor Road, Suite 107
Nashville, Tennessee 37215
(615) 386-7115
phil@pldavidson.com

Attorney for Plaintiff



s/John E. Quinn
John E. Quinn (TN BPR # 12220)
MANIER & HEROD
2200 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219
(615) 742-9351
jquinn@manierherod.com

Attorneys for Defendant High Caliber Services, Inc.