UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DANIEL S. GOOLSBY, | ) |
| Plaintiff, | ) ) ) ) ) |
| | ) Case No. 2:10-cv-0040 |
| | ) Judge Trauger |
| v. | ) ) |
| HIGH CALIBER SERVICES, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the court is the defendant's Motion to Dismiss (Docket No. 23), to which the plaintiff has responded (Docket No. 27), and the defendant has filed a reply in support (Docket No. 28). For the reasons discussed herein, this motion will be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 23, 2010, the plaintiff, Daniel Goolsby, filed a *pro se* Complaint against the defendant, High Caliber Services (HCS). (Docket No. 1.) That Complaint alleged that HCS, the plaintiff's former employer, had engaged in employment discrimination in violation of Title VII, 42 U.S.C. § 2000e. (Docket No. 1 at 1.) The Complaint was *pro forma* and, in the section of the form Complaint in which the plaintiff was to list "the circumstances under which defendant discriminated against plaintiff," the plaintiff wrote that he had been worked "over 24 hours in a row" and not allowed "to be able to take my mental medications so that I could function like other normal people." (*Id.* at 3.) The plaintiff alleged that he had been terminated and retaliated against due to "mental illness." (*Id.*)

1

In the space where the plaintiff was to state the date of the discrimination, he listed August 18, 2008, but, in the space in which he was to list the date that he "filed charges . . . with the . . . Equal Employment Opportunity Commission" related to the discrimination, the plaintiff wrote July 16, 2008. (*Id.* at 2.) The plaintiff stated that he received his Notice of Right to Sue (right-to-sue letter) from the EEOC on January 28, 2010. (*Id.* at 3.) A right-to-sue letter, issued on January 26, 2010, is attached to the Complaint, but the plaintiff's EEOC charge is not in the record. (*Id.* at 6.)

After obtaining counsel (who entered an appearance on July 30, 2010), the plaintiff filed an Amended Complaint on August 3, 2010. (Docket No. 12.) In the Amended Complaint, the plaintiff alleges that, on August 20, 2008, while employed by HCS, he "requested to go on medical leave to have an operation on both arms for a serious medical condition." (*Id.* at 2.) Apparently shortly after going on medical leave, the plaintiff's physician informed HCS that the plaintiff's "medical condition would seriously restrict[] his ability to work in his previous employment capacity," and he would not be able to return to work until February 20, 2009. (*Id.*)

The plaintiff maintains that, in response to this, HCS began frequently contacting the plaintiff "requesting that he return to work," and, on January 14, 2009, HCS "terminated Goolsby's employment claiming that he had not properly kept in contact with it." (*Id.*) The plaintiff alleges that the basis for termination given by HCS is pretextual, that is, HCS knew that the plaintiff "would require reasonable accommodation in the work place but did not want to make any reasonable accommodations." (*Id.* at 3.)

In contrast to the *pro se* Complaint, which relied on Title VII, the Amended Complaint

asserts a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112. (*Id.* at 1.) The Amended Complaint maintains that the plaintiff filed his EEOC charge on January 30, 2009 (not in July 2008) and that (consistent with the *pro se* Complaint) the EEOC issued the right-to-sue letter on January 26, 2010. (*Id.* at 2.)

On October 5, 2010, HCS filed the pending motion pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket No. 23.) HCS maintains that the court lacks subject matter jurisdiction because the plaintiff did not comply with the "administrative" "exhaustion" requirements related to filing a civil rights action in federal court. (Docket No. 24 at 1, 5.)

## ANALYSIS

I.     **The Motion to Dismiss**

   A.     **The Parties' Arguments**

The defendant begins his argument by laying out the two basic administrative prerequisites or "exhaustion requirements" for filing a claim under Title VII or the ADA. (Docket No. 24 at 3.) That is, within 180 days of the alleged unlawful employment practice, the plaintiff must file his charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117. And, within 90 days of receiving the right-to-sue letter from the EEOC, the plaintiff must file his federal lawsuit. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117. As to the charge of discrimination, the Sixth Circuit has stated:

> Federal courts do not have subject matter jurisdiction of Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge. The regulatory requirement that a claimant's written charge be sufficiently precise to identify the parties, and to describe generally the action or practices complained of has two purposes. First, the requirement provides the basis for the EEOC's attempt to obtain voluntary compliance with the law. Second, these attempts notify potential defendants of the nature of plaintiff's claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them.

3

*Jones v. Sumser Retirement Village*, 209 F.3d 851, 853 (6th Cir. 2000)(internal citation and quotation omitted).

HCS then points out that: (1) the Amended Complaint "is a completely different case" than that stated in the *pro se* Complaint, and (2) the Amended Complaint was not filed within 90 days of the receipt of the right-to-sue letter. (Docket No. 24 at 5.) While recognizing that an amended pleading can "relate back" to the date of the original pleading when the claims arise out of the same events set forth in the original pleading, HCS maintains that an Amended Complaint that seeks ADA relief based upon physical injury cannot "relate back" to a Complaint that asserted a Title VII claim based upon discrimination due to mental illness. (*Id.*; citing Fed. R. Civ. P. 15(c)). HCS argues that the plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction because the plaintiff "has failed to exhaust his administrative remedies as to his claims for discrimination based on the facts pled in his Amended Complaint." (*Id.*)

In a very brief response, the plaintiff recognizes the distinction between the two complaints and maintains that, in his EEOC charge, he asserted that he is "an individual with a disability" who went on medical leave on August 20, 2008 and was on short-term disability at the time that the charge was filed. (Docket No. 27 at 1.) The plaintiff argues that the Amended Complaint "conforms to the EEOC charge" and "in no way contradicts the EEOC charge," because the charge alleged that the plaintiff had a disability and the Amended Complaint, in contrast to the *pro se* Complaint, alleges that the plaintiff was discriminated against on the basis of his disability. (*Id.* at 2.) In conclusion, the plaintiff states that "there is really no related back issue. The claim in the Amended Complaint is the same claim found in the original EEOC

4

charging statement and that is for a disability." (*Id.*)

In its brief reply, HCS reiterates that the "Plaintiff's Amended Complaint bears no reasonable relation to the original Complaint" and, because the facts pled in the Amended Complaint "were not pled within 90 days of the right-to-sue notice," the Amended Complaint should be dismissed. (Docket No. 28 at 2.) HCS also points to *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 546 (6th Cir. 1991) as a "similar" case in which the Sixth Circuit affirmed the dismissal of the plaintiff's "race discrimination" claim, as his EEOC charge only referred to discrimination based upon national origin. (*Id.*)

### B. Clarification of the Law

In the first instance, the defendant's Rule 12(b)(1) motion is misplaced. While the court recognizes that *Ang* and *Sumser Retirement Village* have indicated that exhaustion is a jurisdictional issue, the Sixth Circuit recently stated that, in the Title VII context, "exhaustion is not a jurisdictional prerequisite"; that is, while it is appropriate to move for dismissal based upon a failure to exhaust, the district court has subject matter jurisdiction over a claim, even if "an allegation [is not] included in an EEOC complaint." *Hill v. Nicholson*, 2010 WL 2640261, *3 (6th Cir. June 24, 2010)(internal quotation omitted).

This clarification of the exhaustion requirement as it relates to Title VII is consistent with Sixth Circuit case law in the ADA context, which determined that, while a defendant may move to dismiss for failure to exhaust, exhaustion of one's ADA claim is not a jurisdictional issue. *See Parry v. Mohawk Motors of Michigan*, 236 F.3d 299, 309 (6th Cir. 2000)("the failure to obtain a right-to-sue letter is not a jurisdictional defect"); *Williams v. Northwest Airlines*, 53 Fed. Appx. 350, 352 (6th Cir. 2002)(the statutory "time limits" discussed above "do not constitute a

jurisdictional prerequisite to filing suit"); *Waller v. DaimlerChrysler Corp.*, 391 F. Supp.2d 594, 597 (E.D. Mich. 2005)(because exhaustion is non-jurisdictional, a motion to dismiss based upon the failure to exhaust should be brought under Rule 12(b)(6)).

Because exhaustion is not a jurisdictional prerequisite, the court is not required to dismiss a claim for failure to exhaust. Indeed, in considering exhaustion, the court may consider the circumstances of the case and whether, in light of those circumstances, the exhaustion requirement has been waived by the defendant or should be waived by the court, along with related issues of estoppel, equitable tolling, and the "diligence" that the plaintiff has shown in pursuing his claim and attempting to comply with the exhaustion requirement. *Parry*, 236 F.3d at 309; *Williams*, 53 Fed. Appx. at 352.

C. **Resolution**

The issue, then, is whether, despite the defendant's misplaced jurisdictional argument, the court should still consider dismissing or striking the Amended Complaint for failure to comply with exhaustion requirements under Rule 12(b)(6).[1] The court concludes that this would not be the appropriate path at this time.

As a basic matter, the defendant's motion is not properly supported because the EEOC

---

[1] HCS maintains that there is no clear "exhaustion" problem with the *pro se* Complaint because the plaintiff filed his EEOC charge within 180 days of the discriminatory act and filed his lawsuit within 90 days of receiving the right-to-sue letter. Therefore, HCS states, "this court had subject matter jurisdiction over Plaintiff's original Complaint which was timely filed after receipt of the notice." (Docket No. 24 at 6.) While HCS appears to leave the issue somewhat ambiguous, HCS's prevailing on this motion would have presumably not ended this case; it would have only resulted in the dismissal of the Amended Complaint, leaving the original *pro se* Complaint. *See Ciralsky v. CIA*, 355 F.3d 661, 667 (D.C. Cir. 2004). Arguably, then, this motion would have been more properly advanced as a "motion to strike." *Adesanya v. W. Am. Bank*, 19 F.3d 25, n. 1 (9th Cir. 1994).

6

charge was not filed in support of the motion and is not in the record. *See Bautista v. Clemson Univ.*, 2007 WL 2910159, *2 (D.S.C. Oct. 2, 2007)(indicating that it is the defendant's burden, on a motion to dismiss, to file the EEOC charge that forms the basis of the defendant's exhaustion argument); *Harper v. ULTA Salon Cosmetics & Fragrance, Inc.*, 2007 WL 528088, *10 (N.D. Ga. Feb. 13, 2007)(assuming exhaustion requirements were met when parties did not place EEOC charge into the record). For reasons that are unclear, the defendant filed the pending motion without filing the EEOC charge, and the court, without the EEOC charge, has no way to accurately evaluate the exhaustion argument. Therefore, the defendant's motion will be denied. *Spencer v. Lawson Creek Prods., Inc.*, 2006 WL 27289, *2-3 (E.D. Mo. Jan. 5, 2006)(denying defendant's exhaustion motion without prejudice where charge had not been placed into the record).

However, in the interests of judicial economy and in light of the fact that this case presents an atypical circumstance, some further (albeit speculative) discussion is appropriate. Assuming the accuracy of the plaintiff's brief, it appears that the EEOC charge raised the issue of the plaintiff's disability and the circumstances of his leave from work. (Docket No. 27 at 1.) Therefore, the allegations in the EEOC charge (the plaintiff has a disability) seem to line up more clearly with the allegations in the Amended Complaint (disability discrimination), than with the allegations in the *pro se* Complaint, which alleged mental illness as the basis for Title VII discrimination.

Therefore, it appears probable that, by alleging "mental illness" discrimination under Title VII in his *pro se* Complaint and alluding to harsh working conditions, the plaintiff did not bring a claim that was within the scope of the EEOC charge, and it also appears probable that

7

this claim could not "reasonably be expected to grow out of the EEOC charge." By waiting more than six months to assert the claims that were in the EEOC charge, the plaintiff arguably ran afoul of the statutory requirement to file a federal lawsuit based on the claims in the EEOC charge within 90 days of the receipt of the right-to-sue letter.

That said, as noted above, the dual purposes of the exhaustion requirement are to provide an opportunity for the EEOC to "attempt to obtain voluntary compliance with the law" and to "notify potential defendants of the nature of plaintiff's claims and provide them the opportunity to settle the claims before the EEOC." On the plaintiff's current representations, the plaintiff's January 30, 2009 EEOC charge, which alleged disability and presumably focused on the circumstances of the plaintiff's termination, did exactly that. Then, at least based upon the plaintiff's representations, the Amended Complaint cured any misalignment between the allegations in the EEOC charge and the *pro se* Complaint.

Moreover, the unique circumstances here undercut any argument that HCS has been prejudiced by the plaintiff's failure to file a claim based upon his EEOC charge within 90 days of the receipt of the right-to-sue letter. The docket indicates that, shortly after the plaintiff's *pro se* Complaint was filed, this case was referred to Magistrate Judge Griffin for frivolity review. (Docket No. 3.) On July 14, 2010, Judge Griffin instructed the clerk to send a "service packet" to the plaintiff, which the plaintiff was to complete and return within 20 days so that process could issue. (Docket No. 8.) On July 30, 2010, plaintiff's counsel entered an appearance. (Docket No. 11.) A few days later, the Amended Complaint was filed and served upon the defendant, whereupon the defendant appeared. (Docket Nos. 12, 16-17.) Because of these "pre-service" steps taken by the court, if the plaintiff had never retained counsel, HCS would have

received the *pro se* Complaint around the same time that it was served with the Amended Complaint, which, again, negates any argument that HCS was prejudiced by any failure to comply with the 90-day rule.

The ultimate question, then, appears to be this: whether the plaintiff should lose his day in court because, despite otherwise complying with the exhaustion rules and not prejudicing the defendant, he filed a *pro forma*, *pro se* Complaint that appears to have been outside the scope of the EEOC charge – a problem that appears to have been corrected relatively quickly by the filing of an Amended Complaint. Phrased this way, the answer appears clear; however, if, after reviewing the EEOC charge and this Memorandum and Order, HCS still believes that it has a proper "exhaustion" argument in light of the facts and circumstances of this case, HCS may raise that argument at the summary judgment stage. This case will move forward. The defendant's Motion to Dismiss (Docket No. 23) is **DENIED.**

It is so Ordered.

Entered this 3rd day of November 2010.

_____
ALETA A. TRAUGER
United States District Judge